UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>THEODORE BLAND,   )<br>　Defendant.   ) | Docket No. 2:23-cr-148 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS 2 AND 3 THE SUPERSEDING INDICTMENT**

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, respectfully files this opposition to defendant Theodore Bland's Motion to Dismiss Counts 2 and 3 of the Superseding Indictment (Doc. No. 43) (the Motion). The Court should deny the Motion because assuming that the counts are misjoined, severance of the counts, not dismissal, is the proper remedy.

I.   PROCEDURAL BACKGROUND

On December 13, 2023, a Federal Grand Jury in the District of Vermont returned a single count Indictment charging that on March 17, 2023, Bland knowingly and intentionally possessed a firearm in and affecting interstate commerce, specifically a 12-gauge Mossburg Model 88 Maverick shotgun, while being an unlawful user of controlled substances and knowing that he was an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3). This count was related to an incident where Bland allegedly brandished the shotgun at a South Burlington parking lot and then continued to possess the firearm while driving his vehicle and using crack cocaine with two females for several hours.

On February 1, 2024, a Federal Grand Jury in the District of Vermont returned a three-count First Superseding Indictment. The First Superseding Indictment contains the original charge and adds Counts Two and Three, which charge Bland with knowingly and intentionally distributing heroin, a Schedule I controlled substance, on two separate dates.

Bland filed the Motion on February 2, 2024. He seeks dismissal of the counts based on the claim that Rule 14 permits the Court to provide "any relief that justice requires" in cases of misjoinder, including dismissal of the counts. (Doc. No. 43 at 2). Rule 14 does not so provide.

II.     ARGUMENT

To begin, Bland misstates the language and authority of Rule 14. Defendant's quotation of Rule 14 in his motion omits language from the Rule that provides context; context which makes clear that severance, and not dismissal, is the appropriate remedy provided by Rule 14. Rule 14 states that if the Court finds misjoinder, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The phrase "any other relief" following two clauses related to severance makes clear that severance is the primary tool contemplated by the Federal Rules of Criminal Procedure to resolve any alleged misjoinder. Bland neglected to include the recognized avenues for relief.

Consistent with the language of Rule 14, courts routinely find that severance, not dismissal, is the appropriate remedy when counts are improperly joined under Rule 8. *See United States v. Bradford*, 487 F. Supp. 1093, 1097 n. 4 (D. Conn. 1980) ("Severance, rather than dismissal of the improperly drafted indictment, is the proper remedy for such misjoinder.") (citing *United States v. Jackson*, 562 F.2d 789, 797 n. 10 (D.C. Cir. 1977); *see also*, *United States v. Pelini*, 896 F. Supp. 797, 799 (N.D. Ill. 1995) (finding that misjoinder was not a basis for dismissal); *United States v. Campbell Hardware, Inc.*, 470 F. Supp. 430, 435 (D. Mass. 1979) (finding that the weight of

authority holds that severance, and not dismissal, is the appropriate remedy for misjoinder); *United States v. Bally Mfg. Corp.*, 345 F. Supp. 410, 428-29 (E.D. La. 1972) ("Even if the vice of misjoinder should be found to exist, dismissal is simply not the remedy.") (citing *United States v. Goodman*, 285 F.2d 378, 379 (5th Cir. 1960).

The Motion fails to provide any basis to suggest that severance is not an adequate remedy for any misjoinder. Indeed, Bland has not even shown how he would be prejudiced by joinder of the counts. Instead, the Motion seeks dismissal of Counts Two and Three without any further explanation or support. If the Court finds that Counts Two and Three are misjoined with Count One, the United States would not oppose severance of those counts, but dismissal would not be appropriate.

## **CONCLUSION**

For all of the foregoing reasons, the Court should deny the Motion.

Dated at Burlington, in the District of Vermont, March 4, 2024.

Respectfully Submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By: /s/ *Jason Turner*

Barbara A. Masterson
Jason M. Turner
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
jason.turner4@usdoj.gov